907 F.2d 1139
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jerome SAMPSON, Plaintiff-Appellant,
v.
Warren J. PARKER, President/Chief Executive Officer; Chuck
Lane, Vice President; Robert Colwick, Company
Representative/Joint Venture Partner; Warren J. Parker and
Sons, Inc./Parker Pax Joint Venture Group; Warren J.
Parker, Defendants-Appellees.
 No. 89-1721.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 4, 1990.
Decided June 15, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, United States Magistrate. (C/A No. 87-2154-JH)
 Jerome Sampson, appellant pro se.
 Robert Fulton Dashiell, Wartzman, Omansky, Blibaum & Simons, P.A., Baltimore, Md., for appellees.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, and CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jerome Sampson filed this action under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sec. 1981 alleging that the defendants fired him from his employment in retaliation for his participation in an EEOC action filed by a fellow employee.[1] A jury trial was held, and the jury found that Sampson was entitled to $6,018 in compensatory damages and back wages and $10,000 in punitive damages.[2] The defendants filed a motion for a judgment notwithstanding the verdict or, alternatively, for a new trial on the basis that the evidence was insufficient and did not support the verdict. The district court denied the motion in part and granted it in part. It vacated the award of punitive damages, finding that the testimony did not show the defendants had the requisite intent to support the award of punitive damages. Sampson now appeals, contending that the district court did not allow him to present evidence concerning damages to the jury and that it erroneously vacated the award of punitive damages.
 
 
 2
 Our review of the record, the hearing tapes, and the district court's opinion discloses that this appeal is without merit. Contrary to Sampson's contentions on appeal, there was sufficient evidence before the jury on the amount of back pay owed Sampson and other actual damages which he suffered. Additionally, the district court correctly found that there was insufficient evidence to support the jury's award of punitive damages. Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. Sampson's motion to have a transcript prepared at government expense is denied.
 
 
 3
 AFFIRMED.
 
 
 
 [1]
 Because of the narrow issues presented on appeal, it is not necessary for us to decide whether retaliatory discharge claims are actionable under Sec. 1981 under the Supreme Court's decision in Patterson v. McLean Credit Union, 57 U.S.L.W. 4705 (U.S. June 15, 1989) (No. 87-107). We would note, however, that some circuits have held that such claims may be brought under Sec. 1981. See Malhotra v. Cotter & Co., 885 F.2d 1305, 1312-13 (7th Cir.1989) (discussing claims similar to those raised by Sampson)
 
 
 [2]
 The district court entered a directed verdict in favor of the individual defendants after Sampson presented his evidence, and the trial proceeded only as to the corporate defendant